## FREDERICK KOHLHAMMER

*v.*

## JOHN WEISBACH.

NEGLIGENCE—*injury from sewer.* Where a party's sewer and catch-basin have been properly constructed, so as to carry off the water, and have been kept in repair, he can not be held liable for the damages an adjacent owner of premises may sustain by water overflowing the basement of his building, and a judgment holding such party liable will be reversed.

APPEAL from the Superior Court of Cook county ; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. HENRY D. P. HOISER, for the appellant.

Mr. D. HARRY HAMMER, for the appellee.

Per CURIAM: This was an action, brought to recover damages caused by water overflowing the basement of appellee's premises, in May and June, 1874,—the flooding of the premises and consequent damage having been caused, as claimed by appellee, through the neglect of appellant, who owned the adjoining premises, to keep his sewer in good condition.

It is apparent, from the evidence, that the basement of the building occupied by appellee was overflowed with water, and that he was somewhat damaged in his property, but we are not satisfied, from the proof, that the damages arise from the fault or negligence of appellant, and if appellant was blameless, then the judgment can not be sustained. It is true, appellee and one of his witnesses testified that appellant's sewer was out of order, but they had not examined the sewer before or after the injury, and could not testify with any degree of certainty upon the subject.

The appellant called one George as a witness, who testified, in substance, that he had been a sewer builder for fifteen years; that he put in the sewer for appellant; that he examined it

immediately after appellee was damaged, and he found the sewer all right, the "catch-basin clear and the sewer clear." The only defect he found was, the pipe which conducted the water from the house to the sewer had been cut. This defect, however, can not be attributed to appellant, as appellee admits he cut the pipe at the time the water was running on his premises. The appellant testified that the sewer was built according to the city's direction, under the board of public works; that the sewer was never out of order; that the pipe which conducted the water from the roof of the house to the sewer had been twice cut or broken, and that as soon as he learned of the fact, he had it repaired. Under this evidence, and it does not seem to be disputed, we can not hold that the verdict was sustained by the proof.

If the sewer and catch-basin were properly constructed, so as to carry off the water, and were kept in repair by appellant, which the proofs seem to establish, we perceive no ground upon which he can be held liable for the damages appellee sustained.

We are of opinion the court erred in overruling a motion for a new trial, and upon this ground the judgment will be reversed and the cause remanded.

*Judgment reversed.*